UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 06-118 (HHK) |
| v. | : | |
| | : | Trial Date: September 25, 2006 |
| MICHAEL CRISTWELL, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION FOR LEAVE TO IMPEACH THE DEFENDANT WITH
PRIOR CONVICTIONS PURSUANT TO FEDERAL RULE OF EVIDENCE 609**

The United States of America, by and through its counsel, the United States Attorney for

the District of Columbia, respectfully submits this Motion for Leave to Impeach the Defendant

with Prior Convictions Pursuant to Federal Rule of Evidence 609.  In support of its motion, the

government relies on the following points and authorities and any other points and authorities

that may be cited at a hearing on the motion.

1.  The defendant has been charged by way of Indictment with Unlawful Possession of a

Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a

Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).  This charge arises out of the

execution of a search warrant of the defendant's residence on February 6, 2006 in connection

with his arrest on February 2, 2006 for Pandering in violation of 22 D.C. Code § 2705.  During

the search, investigators recovered a firearm, that is, a Titanic .32 caliber revolver, in the

defendant's bedroom closet.  The defendant  had occupied this particular bedroom from June

2005 through February 2, 2006.

2. The defendant's prior convictions[1] are as follows:

(a) Robbery with Deadly Weapon, Case Number CT011526A, Circuit Court for Prince George's County, Maryland, dated March 15, 2002.  The defendant was sentenced to twenty years incarceration with all but 6 years suspended.  In addition, the defendant was placed on supervised probation for a period of five years to commence following his release from incarceration.   The defendant was released from incarceration in June 2005.

(b) Transport a Handgun, Case Number CT990965B, Circuit Court for Prince George's County, Maryland, dated July 21, 2000.  The defendant was sentenced to three years incarceration with all but 30 days suspended and placed on probation for a period of two years.

(c) Attempted Possession with Intent to Distribute Cocaine, Case No. F259098, dated July 24, 2009.  The defendant received a sentence of two years supervised probation pursuant to the Youth Rehabilitation Act, 803(a).

3. Rule 609(a)(1) of the Federal Rules of Evidence provides for the admission of prior felony convictions of a defendant for purposes of impeachment, subject to the time restrictions of Rule 609(b), if the Court determines that the probative value outweighs any alleged prejudicial effect on the defendant.  Here, the defendant's three prior convictions qualify for admission under Rule 609 of the Federal Rules of Evidence.

4. In deciding whether the probative value of these convictions outweighs any alleged prejudicial effect, the Court should begin its analysis with the premise that all felony convictions, assuming that they comport with the time limitations of Rule 609(b) are at least somewhat

---

[1] Copies of the defendant's convictions (certified by the relevant clerk's offices) will be attached to a hard copy of this motion and delivered to the Court and defense counsel tomorrow.

probative of the defendant's credibility. United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C.

Cir. 1983)(en banc). Further, in construing Rule 609, the Court of Appeals held that a trial court

has discretion to determine how much underlying information about the conviction, if any, it

needs to consider in performing its analysis. Lipscomb, supra, 702 F.2d at 1051, 1073.

    5. "Courts should be reluctant to exclude otherwise admissible evidence that would

permit an accused to appear before a jury as a person whose character entitles him to complete

credence when his criminal record stands as direct testimony to the contrary." United States v.

Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980). In Lewis, the defendant was charged with, inter alia,

distribution of phenmetrazine and, after taking the stand to testify on his own behalf, was

impeached with a prior conviction for distributing drugs in violation of the Controlled

Substances Act. 626 F.2d at 943, 947. The appellate court held it was not error for the district

court to admit the defendant's prior conviction. Id. Moreover, the court reasoned that "[t]he fact

that the prior felony conviction was for a narcotics offense, and the defendant was again being

tried for a similar offense, does not render the prior conviction inadmissible." 626 F.2d at 950.

The court went on to note that a limiting instruction could be given. Id.

    6. Even assuming, arguendo, that every prior conviction carries some inherent prejudice

to a testifying defendant, that prejudice by itself is not enough to preclude admission of the

defendant's specific prior convictions here should the defendant decide to testify. First, due to

the elements of the charged offense, the jury will hear evidence as set forth in the Indictment that

the defendant has previously been convicted of two prior crimes punishable by imprisonment for

a term exceeding one year. Second, in the event that he does decide to testify, the defendant's

credibility will undoubtedly be a central issue for the jury. This is especially true in the instant

case, where the government must prove that the defendant knowingly and constructively

possessed the revolver found in the closet of his bedroom.  The probative value of the above-

mentioned convictions, especially since they involve serious and recent offenses, in assessing the

defendant's credibility clearly outweighs any potential prejudice to the defendant.  Moreover, the

Court can give a limiting instruction to the jury that would preclude use of this evidence for an

improper purpose.

      WHEREFORE, based upon the foregoing reasons and authorities, the United States

respectfully requests that the government's Motion for Leave to Impeach the Defendant with

Prior Convictions Pursuant to Rule 609 be granted in its entirety.

                        Respectfully submitted,

                        KENNETH L. WAINSTEIN
                        UNITED STATES ATTORNEY

By:     _____

                        KIM A. HERD
                        Assistant United States Attorney
                        555 Fourth Street, N.W.
                        Room 10-840
                        Washington, D.C. 20530
                        (202) 616-9370

## **CERTIFICATE OF SERVICE**

I HEREBY certify that a copy of the foregoing Motion was served via electronic filing this 17th day of July 2006 on Mr. Carlos Vanegas, Assistant Federal Public Defender; 625 Indiana Avenue, N.W., Suite 550, Washington, D.C. 20004.

_____
KIM A. HERD
Assistant United States Attorney