UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | Crim. No. 06-118 (HHK) |
| ) | |
| v. ) | |
| ) | |
| MICHAEL CRISTWELL ) | |

**DEFENDANT'S MOTION TO SUPPRESS**
**PHYSICAL EVIDENCE**

Defendant, Michael Cristwell, through undersigned counsel, respectfully moves the Court to Suppress all Physical Evidence Seized in violation of the Constitution in association with his arrest on February 2, 2006 and the evidence that was recovered pursuant to a search warrant on February 6, 2006. The motion to suppress is made pursuant to Fed. R. Crim. P. 12(b)(3) and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.[1]

**1.      Procedural Background**

On February 2, 2006, Mr. Cristwell was arrested pursuant to warrant approved by a Judge from the Superior Court for the District of Columbia. The affidavit in support of the arrest warrant charged Mr. Cristwell with pandering in violation of 22 D.C. Code § 2705. Mr. Cristwell was subsequently presented in Arraignment Court in the Superior Court for the District of Columbia.

---

[1] In the event counsel learns of new information supporting the need for further motions, counsel respectfully reserves Mr. Cristwell's right to later supplement this motion and/or file additional motions which may be appropriate in his case.

On February 6, 2006 law enforcement authorities filed a search warrant affidavit for a search of the premises located at 2302 Minnesota ave., SE Washington, D.C. The latter address is where Mr. Cristwell was residing on the day he was arrested. On February 6, 2006 the authorities executed the warrant. The items recovered included a Titanic .32 caliber revolver and .32 caliber ammunition. In part, and on account of a prior felony conviction Mr. Cristwell's criminal matter was prosecuted federally. Accordingly, Mr. Cristwell was subsequently indicted with one count of violating 18 U.S.C. § 922(g)(1).

## ARGUMENT

I. **THE PHYSICAL EVIDENCE SEIZED ON FEBRUARY 6, 2006 MUST BE SUPPRESSED BECAUSE THE AFFIDAVIT IN SUPPORT OF THE SEARCH WARRANT DID NOT ESTABLISH PROBABLE CAUSE TO FOR A SEARCH OF MR. CRISTWELL'S RESIDENCE FOR THE ITEMS LISTED IN THE WARRANT**

The Fourth Amendment provides:

...and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.

The test for probable cause for the issuance of a search warrant is whether the facts presented to the magistrate establish a "substantial probability" that the items sought will be found at the location sought to be searched. <u>Illinois v. Gates</u>, 462 U.S. 213, 103 S.Ct. 2317 (1983).

In the present case, the affiant makes an uncorroborated, unfounded and generalized conclusion in his affidavit that fall short of the required "probable cause" that would support the issuance of a search warrant.

According to the affidavit in support of the search warrant for 2302 Minnesota ave., SE Mr. Cristwell was arrested pursuant to a warrant on February 2, 2006. When the officers stopped Mr.

Cristwell he was observed walking out of 2302 walking his dog. Mr. Cristwell was stopped and taken back to his house. Once inside of 2302 the search warrant affiant, Investigator John Edwards Marsh, came across an adult female who provided inconsistent and uncorroborated information regarding Mr. Cristwell and her presence inside 2302 Minnesota Ave., SE.

The female informed the investigator that she didn't think she "[w]ould be able to stay in the residence after [Mr. Cristwell's] arrest and asked [Investigator Marsh] to escort her to [Mr. Cristwell's] room where she kept some of her clothing". However, the female then told Investigator Marsh "that [Mr. Cristwell] had thrown away her clothes". Later the female informed Investigator Marsh that she along with another female worked as a prostitute for Mr. Cristwell who used "[c]ell phones for advancing the purposes of his prostitution business". The female added that Mr. Cristwell "[g]ave each of the women cellular telephones to use". First, the unnamed female gave inconsistent and uncorroborated information regarding her clothing. What she told the investigator at best does not make sense and at worse is incredible. Second, there is no indication in the affidavit in support for the search warrant that the investigator actually observed any of the alleged clothing that was supposed to be there but then had been thrown away.

More significantly, Investigator Marsh did not include any information regarding the use of cell phones as a means by which Mr. Cristwell further his pandering in the warrant for Mr. Cristwell's arrest for pandering. Before filing the warrant for Mr. Cristwell's arrest Investigator Marsh had at least two interviews with the complaining witness who is the subject of the arrest warrant. Those conversations took place on January 23, 2006 and February 1, 2006. Investigator Marsh references both conversations on the arrest warrant application for the pandering case. However, Investigator Marsh did not attribute any use of a cell phone or the use of cell phones in the

warrant for Mr. Cristwell's arrest for pandering.

Noteworthy is that Investigator Marsh identified a 19 year female in his arrest warrant affidavit who approached the Pandering complainant and introduces her to Mr. Cristwell. It is the 19 year female, who can reasonably be inferred to be the unnamed female in the search warrant application. In the warrant for Mr. Cristwell's arrest the Investigator wrote that "[S]pecifically, D-1 along with the 19 year old female [] assisted in introducing C-1 to D-1, told C-1 the rules of the game." Clearly, the rules of the game refer to prostitution. Thus, the 19 year old female actively assisted in inducing and abetting the pandering or the prostitution of the complaining witness. As such, the information provided by the unnamed female is neither credible or reliable and was provided in response to her own criminal culpability in introducing the complainant to prostituting on behalf of herself and Mr. Cristwell. Accordingly, for the reasons the information does not satisfy the requirements of probable cause in support of the issuance of a search warrant.

II. **THE GOOD FAITH EXCEPTION OF <u>UNITED STATES V. LEON</u> DOES NOT APPLY**

In <u>United States v. Leon</u>, 468 U.S. 897, 104 S.Ct. 3405 (1984), the Court held the exclusionary rule did not bar introduction of evidence obtained in reasonable reliance on a search warrant issued by a neutral magistrate but later found to be invalid for lack of probable cause. Defendant submits that <u>Leon</u> does not stand as authority for resuscitation of the otherwise invalid search warrant in this case.

The good faith exception in <u>Leon</u> does not apply (1) where the requesting officer recklessly misleads the magistrate or (2) where the magistrate abandons his traditional role or (3) where a warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief

in its existence entirely unreasonable", cite omitted, or (4) where the warrant itself is so fatally deficient for, among other things, failing to particularize the things to be seized, that the officers cannot reasonably presume it to be valid. 468 U.S. at 923.

The affidavit in this case is so lacking in relevant, reliable, and credible evidence as to negate any assertion that it was acted upon in good faith. Therefore, all of the evidence seized as a result of this illegal search, the physical evidence must be suppressed. Wong Sun v. United States, 371 U.S. 471 (1963).

## CONCLUSION

For the foregoing reasons, defendant Michael Cristwell requests this Court to suppress: (1) the firearm recovered on February 6, 2006 inside of 2302 Minnesota Ave., SE Washington D.C.

        Respectfully submitted,

        A.J. Kramer
        Federal Public Defender


        _____/s/_____
        Carlos J. Vanegas
        Assistant Federal Public Defender
        625 Indiana Ave., N.W., Suite 550
        Washington, D.C.  20004
        (202) 208-7500