UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 06-118 (HHK) |
| | : | |
| MICHAEL CRISTWELL, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT EVIDENCE OF
OTHER CRIMES PURSUANT TO FED. R. EVID. 404(b)

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby moves to admit evidence of other crimes, wrongs, or acts committed by Defendant pursuant to Fed. R. Evid. 404(b). In support of its motion, the Government relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter.

STATEMENT OF FACTS

On February 2, 2006, Defendant was arrested pursuant to a warrant for Pandering.[1] During the execution of a search warrant of Defendant's residence on February 6, 2006, investigators recovered a loaded Titanic .32 caliber revolver in Defendant's bedroom closet. Defendant had occupied this bedroom from June 2005 through February 2, 2006. Although

---

[1] After his arrest, Defendant was subsequently indicted by a D.C. Superior Court Grand Jury on two counts of Pandering, two counts of Contempt, one count of Assault and one count of Threats.

Defendant's girlfriend[2] stayed with him in his bedroom for a short period during this time, only Defendant accessed and had control of the bedroom closet. During the search warrant, Investigators also recovered a pistol from a bag in the garage behind the residence occupied by Defendant.

Investigators submitted the Titanic revolver to a fingerprint examiner, who lifted a latent fingerprint from the cylinder of the revolver. Subsequently, a United States Secret Service fingerprint examiner matched this fingerprint to Defendant's known fingerprint. Although fingerprints were also located on the pistol found in the garage, the examiner determined that they were not suitable for comparison.

At trial, the government will seek to introduce evidence of two[3] prior incidents in which Defendant possessed a handgun, as follows:

**October 29, 2001 incident**

Shortly after midnight on October 29, 2001, Defendant and two companions were in the 3100 block of Good Hope Drive, in Temple Hills, Maryland, when they approached two men who were walking toward a nightclub. Defendant began asking the men questions and then

---

[2] Defendant used this girlfriend to work as a prostitute for him. She is the victim of one of the Pandering charges pending against Defendant.

[3] Although the government also seeks to introduce evidence of a third, more recent incident involving Defendant, it has not yet obtained permission from a D.C. Superior Court judge to disclose this information. (See Government's Motion to Extend Time for Filing Motion to Admit Other Crimes Evidence in Order to Obtain Leave of the Chief Judge of D.C. Superior Court to Disclose Grand Jury Information). Should the government receive permission to disclose this information, it will file a Supplemental Motion *In Limine* to Admit Evidence of Other Crimes Pursuant to Rule 404(b). Also, although the government's motion for an extension of time mentioned two incidents of the defendant's prior crimes, the government at this time is also providing notice of its intent to introduce evidence pertaining to Defendant's possession of a handgun on October 29, 2001.

displayed a chrome .380 handgun before taking one of the men's wallets. Defendant and his accomplices then kicked and punched the man in the head and face. During the assault, Defendant struck the victim with the handgun several times in the head and face. Defendant was convicted of Robbery with a Deadly Weapon on March 15, 2002, as a result of his involvement in this incident.

The government notes that with respect to this incident, it seeks only to offer evidence that Defendant possessed a .380 handgun. The government does not wish to introduce evidence pertaining to any other fact surrounding the October 29, 2001 incident.

**May 13, 1999 Incident:**

On May 13, 1999, Defendant was stopped by police in the 5000 block of Indian Head Highway, Oxon Hill, Maryland, while riding with three other individuals in a 1990 Ford Crown Victoria. During the stop, officers observed a .32 caliber Lorcin semi-automatic handgun sticking out of the rear center seat where Defendant was seated. As a result of this offense, Defendant pled guilty and was convicted of the felony crime of Transport a Handgun on August 18, 2000.

**ARGUMENT**

The government respectfully requests that the Court grant its Motion *In Limine* to Admit Evidence of Defendant's Other Crimes, i.e., the crimes committed on October 29, 2001 and May 13, 1999. This evidence is not being offered for an improper purpose such as criminal propensity, but rather to establish Defendant's knowledge that he possessed the Titanic revolver found during the search of his bedroom closet, and to refute any claim of mistake or accident.

**Applicable Legal Standards**

The appellate court has recently reaffirmed that the issue of admitting evidence of prior crimes is governed by Rule 404(b) of the Federal Rules of Evidence. United States v. Garner, 396 F.3d 438 (D.C. Cir. 2005); United States v. Linares, 367 F.3d 941(D.C. Cir. 2004). Rule 404(b) of the Federal Rules of Evidence provides, in pertinent part, that

> [e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person . . . .  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b).

In Linares, the court began its analysis by noting that Rule 404(b) is a rule "'of inclusion rather than exclusion.'" 367 F.3d at 946 (citation omitted). Also, in United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc) (Crowder II), cert. denied, 525 U.S. 1149 (1999), the Court stated: "We have recognized before that although the first sentence of Rule 404(b) is framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character." Id. at 206 (internal quotations and citation omitted). The Court's determination of whether to admit evidence of Defendant's above-described criminal acts is subject to an abuse of discretion standard of review by the appellate court. United States v. Pindell, 336 F.3d 1049, 1056-57 (D.C. Cir. 2003) citing United States v. Bowie, 232 F.3d 923, 926-927 (D.C. Cir. 2000). Thus, "other crimes" evidence is admissible under Rule 404(b) as long as it is relevant in any way other than by using the prohibited inference of bad conduct from bad character. See, e.g., United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) ("[U]nder Rule 404(b), any purpose for which bad-acts evidence is introduced is a proper purpose so long

as the evidence is not offered *solely* to prove character.") (emphasis in original), cert. denied, 498 U.S. 825 (1990).

The court engages in a two-part analysis to determine the admissibility of evidence pursuant to Rule 404(b). First, the Court will consider whether the evidence is probative of some material issue in the case other than character. United States v. Price, 895 F.2d 1431, 1435 (D.C. Cir. 1990), cert. denied, 498 U.S. 825 (1990). Second, if the Court finds that the evidence is relevant, the Court may exclude the evidence only if its probative value is substantially outweighed by the danger of unfair prejudice, under Rule 403, Fed.R.Evid. United States v. Long, 328 F.3d 655, 662 (D.C. Cir. 2003), cert. denied, 540 U.S. 1075 (2003). As its language reflects, however, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases." United States v. Moore, 732 F.2d 983, 989 (D.C. Cir. 1984); see also Huddleston v. United States, 485 U.S. 681, 688-689 (1988) ("…..Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence."); United States v. Manner, 887 F.2d 317, 322 (D.C. Cir. 1989), cert. denied, 493 U.S. 1062 (1990). The Court of Appeals has consistently reiterated that evidence must be excluded under Rule 403 only if its probative value is substantially outweighed by the danger of unfair prejudice. See e.g., United States v. Clarke, 24 F.3d 257, 266 (D.C. Cir. 1994); Moore, 732 F.2d at 989.

Applying this test to the instant case illustrates that evidence of the prior incidents in which Defendant possessed handguns should be admissible to establish that he constructively possessed the Titanic revolver found in his bedroom closet. This evidence is relevant to the issue of Defendant's knowledge and possession of the revolver found in his closet and also to establish the absence of mistake or accident.

**Probative Value**

In this case, evidence regarding Defendant's prior crimes is not being offered to establish his criminal propensity. Rather, it is being offered to support the government's argument that Defendant knowingly and constructively possessed the revolver found during the execution of the search warrant. It also refutes the notion that it was an accident or mistake that Defendant happened to have a revolver in his bedroom closet.

This Circuit has recently endorsed the introduction of a defendant's prior possession of a firearm as 404(b) evidence in order to show the defendant knew of and constructively possessed the gun at issue in the current case. See United States v. Garner, 396 F.3d 348 (D.C. Cir. 2005). As the Garner court noted, under circumstances where contraband is discovered in a place occupied by more than one person, " ' "where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." ' " quoting United States v. Cassell, 292 F.3d 788, 793 (D.C. Cir. 2002) (citations omitted).

In United States v. Brown, 16 F.3d 423 (D.C. Cir. 1994), cert. denied, 513 U.S. 900 (1994), the Court held that a gun found on the defendant when he was arrested would have been admissible as 404(b) evidence had he been tried for other firearm related charges stemming from a search warrant executed three months prior to the arrest. Id. at 430-431. In Brown, the Court specifically found that the gun recovered during the arrest was admissible under Rule 404(b) "because it was relevant to show intent, knowledge, or absence of mistake with respect to the firearms found in the safe during the November Search." Id. at 431; see also United States v. Toms, 136 F.3d 176, 183-184 & nn. 11-12 (D.C. Cir. 1998) (holding that in constructive possession case, evidence of prior drug activities as well as prior possession of a firearm was

admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm).

While the Linares court also considered this issue and reached a different conclusion, the facts of this case may be distinguished. In Linares, the court held that evidence of the defendant's prior conviction for illegally possessing a pistol should not have been admitted in the current case charging him with felon in possession because the testimony had already conclusively established that he had the gun in his actual possession. Put differently, the evidence of the defendant's possession of the firearm was not really an issue in the Linares case. 367 F.3d at 946. The Court reasoned that the prior conviction was not evidence that made it any more or any less probable that the defendant "knowingly" possessed the firearm at issue. Id. In contrast, in this case, the Titanic revolver was found in a closet in the defendant's bedroom during the execution of a search warrant four days after he was arrested on a Pandering charge. Thus, the government will have to prove that the defendant knowingly and constructively possessed the revolver on or about the day he was arrested.

Evidence pertaining to Defendant's prior possession of handguns is relevant to this case for two reasons: (1) To establish that the defendant possessed the firearm willfully and intentionally, not by accident or inadvertence; and (2) As evidence that the defendant, rather than someone else, kept the revolver in his closet where it was found by the police. The mere fact of Defendant's prior possession of a firearm on two other occasions makes it more likely that the defendant knew that a gun was being stored in his bedroom closet. Finally, as Crowder II noted, with respect to the drug trade,

> hands-on experience cannot alone prove that [a defendant] possessed drugs on any given occasion. But it can show that a defendant knows how to obtain drugs, what they look like, where to sell them, and so forth. Evidence of a defendant's

> experience in dealing drugs – evidence that is, of his "bad acts" – thus may be a "brick" in the "wall" of evidence needed to prove possession.

Crowder II, 141 F.3d at 1209 n.5 (citation omitted).  Applying this reasoning to the instant case, Defendant's prior possession of firearms makes it more probable than not that he knew he possessed a firearm on or about February 2, 2006.  Because the evidence is relevant and not proffered to show any bad character tendencies of the defendant, Rule 404(b) renders evidence of the facts underlying the prior incidents admissible.

In addition to being directly relevant to the issue of the defendant's knowledge, this very same evidence should be admitted because it tends to disprove the argument that the defendant mistakenly or accidentally possessed the firearm found in his bedroom closet.  As the Court pointed out in Linares, in cases of constructive possession evidence of a prior crime can be used to prove that the possession in the instant case was knowing and not by accident or mistake.  367 F.3d at 949-951.  In short, because the instant case requires the government to prove beyond a reasonable doubt that Defendant, and not some third party, possessed the Titanic revolver, the evidence of Defendant's prior crimes makes it more probable that Defendant, and not some third party, knowingly possessed the revolver.

**Potential Prejudice**

The potential prejudice, if any, associated with the admission of this evidence does not substantially outweigh its probative value.  For the same reasons discussed above with respect to relevance, the prior possession of a firearm is probative in this case.  The only question that remains is whether the significant probative value of the prior incidents of Defendant's possessing handguns is substantially outweighed by unfair prejudice.  The May 1999 incident relates only to Defendant's possession of a handgun. With respect to the October 2001 incident,

the government seeks only to admit evidence surrounding the fact that Defendant possessed a gun on that date, and does not seek to elicit any evidence regarding the robbery or assault that took place.

In Crowder II, the en banc Court acknowledged that the prejudice of a jury viewing 404(b) evidence as propensity evidence "will be present in every Rule 404(b) case." Crowder, 141 F.3d at 1210. However, the Court warned, "that alone cannot give rise to a per se rule of exclusion." Id. The danger this Court must weigh is not the danger that the other crimes evidence will weaken the defendant's defense, but rather the danger that the jury will misuse the evidence by inferring that, merely because Defendant engaged in these prior bad acts, he is more likely to have engaged in the charged offenses. United States v. Mitchell, 49 F.3d 769, 777 (D.C. Cir. 1995) cert. denied 516 U.S. 926 (1995). In Brown, after noting that it leaned toward admitting evidence in close cases, the Court determined that, while evidence of another firearm possession could be very prejudicial, the fact had considerable probative weight and thus was admissible under Rule 404(b). Brown, 16 F.3d at 432. The same is true in this case.

## CONCLUSION

The government respectfully requests that it be permitted to introduce evidence of Defendant's prior crimes on October 21, 2001 and May 13, 1999 to establish that he knowingly and constructively possessed the Titanic revolver on or about February 2, 2006. The proffered evidence is relevant to Defendant's knowledge and to show absence of mistake or accident. For all of the foregoing reasons, the government respectfully requests that its motion to introduce other crimes be granted.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        UNITED STATES ATTORNEY

By: _____
     KIM A. HERD, D.C. Bar No. 461615
     Assistant United States Attorney
     555 Fourth Street, N.W.
     Room 10-840
     Washington, D.C. 20530
     (202) 616-9370

## CERTIFICATE OF SERVICE

     I HEREBY certify that a copy of the foregoing Motion and proposed Order was served via electronic filing this 21st day of July 2006 on Mr. Carlos Vanegas, Assistant Federal Public Defender; 625 Indiana Avenue, N.W., Suite 550, Washington, D.C. 20004.

                                                                                                            _____  
                                                                                                            KIM A. HERD  
                                                                                                             Assistant United States Attorney