UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 06-118 (HHK) |
| | : | |
| **MICHAEL CRISTWELL,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S SUPPLEMENTAL MOTION *IN LIMINE* TO ADMIT
EVIDENCE OF OTHER CRIMES PURSUANT TO FED. R. EVID. 404(b)**

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby moves to admit the following additional evidence of other crimes, wrongs, or acts committed by Defendant, pursuant to Fed. R. Evid. 404(b). In support of its motion, the government relies on the points and authorities set forth in its Motion *In Limine* to Admit Evidence of Other Crimes Pursuant to Fed. R. Evid 404(b) filed July 21, 2006, and such other points and authorities as may be cited at a hearing on this matter.

**STATEMENT OF FACTS**

The government incorporates by reference the Statement of Facts submitted in support of its Motion *In Limine* to Admit Evidence of Other Crimes Pursuant to Fed. R. Evid. 404(b). In addition, the government seeks to admit evidence of a third incident that occurred in December 2005, in which Defendant possessed a handgun, as follows:

**December 2005 Incident:**[1]

Around the Christmas holidays in December 2005, S.D.[2] was a passenger in a car Defendant was driving in the District of Columbia when they were stopped by police for a traffic violation. While the officer walked away from Defendant's vehicle to check driver's license and registration information in his squad car, Defendant reached under the passenger seat, pulled out a handgun, put it in S.D.'s lap and told her to put it in her coat or her pocket book. S.D. refused Defendant's order and gave the gun back to him. Defendant then put the gun under his seat.

## ARGUMENT

The government respectfully requests that the Court grant its Supplemental Motion *In Limine* to Admit Evidence of Defendant's Other Crimes, i.e., the crime committed in December 2005. This evidence is not being offered for an improper purpose such as criminal propensity, but rather to establish Defendant's knowledge that he possessed the Titanic revolver found during the search of his bedroom closet, and to refute any claim of mistake or accident.

For the reasons previously stated in its Motion *In Limine* to Admit Evidence of Defendant's Other Crimes, the government respectfully requests that it be permitted to introduce evidence regarding the December 2005 incident in which Defendant possessed a handgun, pursuant to Fed. R. Evid. 404(b). Evidence regarding this incident, which occurred extremely close in time to the

---

[1] As the government previously noted in its Motion *In Limine* to Admit Evidence of Defendant's Other Crimes, because information pertaining to the December 2005 incident was obtained during the course of a D.C. Superior Court Grand Jury investigation, the government requested permission from a D.C. Superior Court Judge to disclose this information. The government's request was granted on July 24, 2006.

[2] S.D. is one of the victims of a pandering charge pending against Defendant in D.C. Superior Court Case Number 2006CF32136.

-2-

instant offense, is not being offered to establish Defendant's criminal propensity. Rather, it is being offered to support the government's argument that Defendant knowingly and constructively possessed the revolver found during the execution of the search warrant. Defendant's prior possession of a handgun in December 2005 also helps show that Defendant knew that he kept at least one firearm in a designated hiding place and further that he knew how to obtain firearms despite highly restrictive gun control laws in Washington, D.C. It also refutes the notion that it was an accident or mistake that Defendant happened to have a Titanic revolver in his bedroom closet or that the revolver belonged to someone else.

The potential prejudice, if any, associated with the admission of this evidence does not substantially outweigh its probative value. In December 2005, Defendant was in possession of a handgun while driving around the streets of the District of Columbia. These facts are highly probative of the issue of whether he knowingly and constructively possessed the Titanic revolver found during the search warrant of his bedroom on February 6, 2006. As with the October 1999 and May 2001 incidents, the potential prejudice, if any, associated with the admission of this evidence does not substantially outweigh its probative value.

## CONCLUSION

The government intends to introduce evidence of Defendant's prior possession of a handgun in December 2005 to establish that he knowingly and constructively possessed the Titanic revolver found in his bedroom closet during the execution of a search warrant. The proffered evidence is relevant to Defendant's knowledge and to refute any claim of accident or mistake. For all of the foregoing reasons, as well as the reasons set forth in the government's Motion *In Limine* to Admit

Evidence of Defendant's Other Crimes, the United States respectfully requests that its supplemental motion to introduce other crimes evidence be granted.

                Respectfully submitted,

                KENNETH L. WAINSTEIN
                UNITED STATES ATTORNEY

By: _____
       KIM A. HERD, D.C. Bar No. 461615
       Assistant United States Attorney
       555 Fourth Street, N.W.
       Room 10-840
       Washington, D.C. 20530
       (202) 616-9370

**CERTIFICATE OF SERVICE**

    I HEREBY certify that a copy of the foregoing Motion and proposed Order was served via electronic filing this 25th day of July 2006 on Mr. Carlos Vanegas, Assistant Federal Public Defender; 625 Indiana Avenue, N.W., Suite 550, Washington, D.C. 20004.

_____
KIM A. HERD
Assistant United States Attorney