## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | **Crim. No. 06-118 (HHK)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MICHAEL CRISTWELL** | ) | |
| | ) | |
| _____ | ) | |

## DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION TO ADMIT EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b) AND 609

Defendant, Michael Cristwell, through undersigned counsel, respectfully moves the Court to deny the Government's Motion in Limine for permission to Admit Evidence of "Other Crimes Evidence" pursuant to Federal Rule of Evidence 404(b) and Evidence to Impeach Mr. Cristwell with his prior convictions pursuant to Federal Rule of Evidence 609.

## BACKGROUND

**1.    Procedural Background**

Mr. Cristwell is before the Court charged with one count of Possession of a Firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1).   The indictment charges him with possessing the firearm on February 6, 2006.  Mr. Cristwell's trial is scheduled for September 25, 2006.

On July 21, 2006 and July 25, 2006  the Government filed separate Motions to Admit "Other Crimes Evidence"  Pursuant to Federal Rule of Evidence 404(b).  The government moved to admit evidence of Mr. Cristwell's 2001 conviction for Robbery with a Deadly Weapon,

evidence of a 1999 conviction for Transporting a Handgun (Gov. 7/21/06 Motion) and uncharged conduct of possessing a firearm in a vehicle that is related to a pending case in the Superior Court for the District of Columbia.(Gov. 7/25/06 Motion)   On July 18, 2006 the government also filed a motion pursuant to Federal Rule of Criminal Procedure 609 to impeach Mr. Cristwell with his prior convictions for Robbery with a Deadly Weapons, Transporting a Handgun, and for a 1998 conviction for Attempt Possession with Intent to Distribute Cocaine.

For the reasons stated in the following discussion, undersigned counsel moves the Court to deny the government's request to admit evidence pursuant to Federal Rules of Evidence 404(b) and 609.

## ARGUMENT

### I.    EVIDENCE OF MR. CRISTWELL'S PRIOR BAD ACTS AND CRIMES ARE INADMISSIBLE PURSUANT TO RULE 4O4(b)

In order for evidence of a prior bad acts to be admissible, it must be both reliable and probative of a material issue other than character.  See United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988); see also Fed. R. Evid. 404(b); United States v. Gaviria, 116 F.3d 1498, 1532 (D.C.Cir.1997) (citing United States v. Clarke, 24 F.3d 257, 264 (D.C.Cir.1994)).  To be probative of a material issue, a prior bad act must speak to an essential element of the charged offense or furnish part of the context for the alleged crime.  See Rawle, 845 F.2d at 1247 n.4. The government bears the burden of demonstrating the relevance of the "prior bad acts" it seeks to have admitted.  See United States v. Hudson, 843 F.2d 1062, 1066 (7th Cir. 1988); United States v. Hogue, 827 F.2d 660, 662 (10th Cir. 1987).

**A**      **Evidence of the Alleged December 2006 Prior Bad Act is Unreliable
and therefore Inadmissible**

"In the Rule 404(b) context, similar act evidence is relevant only if the jury can

reasonably conclude that the act occurred and that the defendant was the actor." Huddleston v.

United States, 485 U.S. 681, 689 (1988). With that in mind, the government cannot introduce

the alleged December 2006 prior bad act unless it proffers sufficient facts for a jury to reasonably

find that Mr. Cristwell actually committed the act. The government has presented no evidence to

substantiate its assertion that Mr. Cristwell attempted to have the person "S.D." hide a firearm in

her pocketbook or coat and that ultimately he hid the firearm.[1]  Undersigned counsel, has not

received any independent corroboration e.g. police reports or traffic citations, regarding a traffic

stop or investigation that took place around the Christmas holiday.

**B**      **Evidence of Mr. Cristwell's Prior Convictions are not Probative of
Any Material Issue Other than Propensity**

Mr. Cristwell's prior convictions for Robbery with a Deadly Weapons and Transporting

a Handgun are irrelevant to any material issue other than propensity.  The government wants

evidence of the prior convictions introduced because it shows that it "is relevant to the issue of

the defendant's knowledge and possession of the revolver found in his closet and also to

establish the absence of mistake or accident". Government 7/21/06 Motion at 11. Similarly, in

their second "other crimes"motion the government seeks to introduce the uncharged December

2005 conduct because its "relevant to the defendant's knowledge and to refute any claim of

accident or mistake". Government 7/26/06 Motion at 3.

---

[1]  Moreover, in the event that the government produces reliable evidence, Mr. Cristwell
reserves the right to challenge the introduction of that evidence at trial.

Since none of the government's proffered evidence is necessary to prove any relevant material issue the only purpose that admission of Mr. Cristwell's alleged prior gun possessions or assaultive conduct, will serve is to make Mr. Cristwell's character an issue, which is contrary to "[t]he presumption of innocence [] that a defendant must be tried for what he did, not for who he is." Id at 945 (quoting United States v. Daniels, 770 F.2d 1111, 1116 (D.C. Cir. 1985)(internal quotations marks omitted) Mr. Cristwell's 2001 and 1999 convictions are simply irrelevant and are being offered only to show that because Mr. Cristwell possessed a gun on a prior occasion, it is more likely that he possessed the firearm that was recovered inside of a closet when he was not even inside the premises.  That logical reasoning, which amounts to an inference of habit is not a permissible purpose under Rule 404(b).

Mr. Cristwell's prior convictions are arguably "relevant" for purposes of 404(b) (relevant to a non-propensity issue) only with regard to his familiarity with a firearm as opposed to his mistaken belief that was in possession of some benign object.  Mr. Cristwell will not argue that he believed the weapon seized on February 6, 2006, was not a firearm capable of firing bullets. If he presents evidence, testimony or argument to that effect, Mr. Cristwell concedes that the government should be allowed to introduce evidence of Mr. Cristwell's prior knowledge and possessions of firearms.  Otherwise, the probative value of the convictions on the issue of Mr. Cristwell's guilt is too attenuated to justify admission pursuant to Rule 404(b).

## C.  Evidence of the "Other Crimes" Should be Excluded Pursuant to Rule 403

Even if reliable and probative of a material issue, evidence of "prior bad acts" are nevertheless inadmissible if the probative value of the evidence is substantially outweighed by its likely prejudicial impact.  Fed. R. Evid. 403; Gaviria, 116 F.3d at 1532 (citing Clarke, 24 F.3d at

4

264).  Because of the potential for prejudice, "evidence indicating the accused's commission of

an offense not on trial . . . is generally to be excluded."  United States v. Anderson, 509 F.2d 312,

328 (D.C. Cir. 1974) (quoting Robinson v. United States, 459 F.2d 847, 856 (D.C. Cir. 1972)).

     The weak probative value of the proffered evidence concerning Mr. Cristwell's "other

crimes evidence" stands in stark contrast to the severe prejudicial impact the evidence would

have on the jury.  This is particularly true since the jury will learn that the prior convictions were

for possessing a gun while committing an armed robbery and transporting a handgun.  Even with

a limiting instruction, jurors will have a difficult time resisting the natural human impulse to

make the impermissible inference that someone who was previously convicted of possessing a

firearm in the course of committing a violent assault and constructively possessing it inside of a

vehicle is more likely to possess a firearm on a subsequent occasion – the very inference that

Federal Rule of Evidence 404(b) was intended to prevent.

**D.**    **The Other Acts Evidence is Not Necessary**

     To be admissible, other crimes evidence must also be necessary.  "Evidence is necessary

when considered in the 'light of other evidence available to the government,' 'it is an essential

part of the crimes on trial, or where it furnishes part of the context of the crime.'" United States

v. Queen, 132 F.3d 991, 998 (4th Cir. 1997).  Clearly, the prior gun possession the government

seeks to admit are not necessary to prove an essential element of the charged crime because it is

not probative of those elements.  Additionally, because the evidence is completely unrelated to

the instant case, it does not furnish any context of the crime alleged in the indictment.

     Given the nature of Mr. Cristwell's prior offenses, Robbery with a Deadly Weapon, and

Transporting a Handgun, the inevitable prejudicial impact clearly outweighs any probative value

the evidence might have at trial.  The potential prejudice is even greater with the uncharged

misconduct that involves Mr. Cristwell's failed attempt to have "S.D.", presumably a female

juvenile, hide a gun in response to being stopped by the police.

## II.    THE COURT SHOULD DENY THE GOVERNMENT'S REQUEST TO ADMIT EVIDENCE OF MR. CRISTWELL'S PRIOR CONVICTIONS PURSUANT TO RULE 609

The government may not impeach a witness with evidence of a prior conviction unless

(1) the conviction is a crime involving dishonesty or false statement,  see Fed. R. Evid. 609(a)(2),

or (2) the conviction is a felony and the probative value of the conviction on the question of

credibility outweighs the prejudicial effect to the accused, see Fed. R. Evid. 609(a)(1).  While

true that all felony convictions are probative of truthfulness to some degree, see United States v.

Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc), it is also true that "when a defendant

is impeached by a prior conviction, the question of prejudice . . . is not if, but how much."  Id.

The prejudice is especially great when the witness being impeached is the defendant himself.

Lipscomb, 702 F.2d at 1063.

In deciding whether the probative value outweighs the prejudicial impact, the Court must

"carefully and thoughtfully consider the information before it" and make sure that the balancing

does "not become a ritual leading inexorably to admitting the prior conviction into evidence."  Id.

at 1063.  As a result, the Court may look at the underlying facts of the prior conviction to

determine (1) the degree to which the prior conviction is probative of truthfulness, and (2)

whether the prejudicial impact of that conviction outweighs its probative value.  Id. at 1068.

The weak probative value of Mr. Cristwell's prior convictions and uncharged misconduct

stand in stark contrast to the likely prejudicial impact, particularly the convictions for Robbery

with a Deadly Weapon and Transporting a Handgun. Even with a limiting instruction, there exists a grave danger that jurors in Mr. Cristwell's case will lower the bar for conviction or give less scrutiny to the facts because they do not fear convicting an "innocent" man. Even worse, jurors may use this case as a pretext to punish Mr. Cristwell for his previous behavior or to ensure that a perceived violent person who has an affinity for weapons is not released into the community.

Moreover, notwithstanding the limiting instruction, jurors will have a difficult time resisting the natural human impulse to make the impermissible inference that someone who has previously committed a crime is more likely to commit other crimes in the future. Indeed, the assumption that a limiting instruction can overcome the prejudicial effects of such evidence is "'unmitigated fiction,'" which "require[s] the jury to perform 'a mental gymnastic which is beyond, not only their powers, but anybody else's.'" Lipscomb, 702 F.2d at 1062 (quoting Krulewitch v. United States, 336 U.S. 440, 453 (1949) (Jackson, J., concurring), and Nash v. United States, 54 F.2d 1006, 1007 (2d Cir. 1932) (L. Hand, J.)).

Given the nature of Mr. Cristwell's prior offenses, Robbery with a Deadly Weapon, Attempt Possession with Intent to Distribute Cocaine and Transporting a Handgun the inevitable prejudicial impact clearly outweighs any probative value the evidence might have regarding Mr. Cristwell's credibility.

## CONCLUSION

For the foregoing reasons, and any additional reasons adduced at a hearing, the Court should deny the government's motion seeking admission of evidence pursuant to Federal Rules of Evidence 404(b) and 609.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/S/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500