# ATTACHMENT ONE

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## SEARCH WARRANT

TO: Chief of Police or any Authorized Agent Thereof

(Specific Law Enforcement Officer or Classification of Officer of the Metropolitan Police Department or other Authorized Agency)

Affidavit, herewith attached, having been made before me by **Investigator John Marsh** that he has probable cause to believe that on the [ ] person [x] premises [ ] vehicle [ ] object, known as **2302 Minnesota Avenue SE, Washington, D.C., a brick row house with the numbers "2302" clearly marked above the front door, and any outbuildings within the curtilage of the property.**

in the District of Columbia, there is now being concealed certain property, namely **Cellular telephones, photographs, clothing and other evidence of pandering as more fully detailed in attachment A of the affidavit in support of this search warrant.**

which is **In violation of the D.C. Code 22-2705** and as I am satisfied (Alleged grounds for seizure)

that there is probable cause to believe that the property so described is being concealed on the above designated [ ] person [x] premises [x] vehicle [ ] object, and that the foregoing grounds for issuance of the warrant exist.

YOU ARE HEREBY AUTHORIZED within 10 days of the date of issuance of this warrant to search in the daytime/at any time of the day or night, the designated [ ] person [x] premises [x] vehicle [ ] object, for the property specified and if the property be found there.

YOU ARE COMMANDED TO SEIZE IT, TO WRITE AND SUBSCRIBE in an inventory of the property seized, to leave a copy of this warrant and return to file, a further copy of this warrant and return with the Court on the next Court day after its execution.

Issued this **6th** day of **February**, 20 **06**    _Bruce D. Beaudin_
Judge, Superior Court of the District of Columbia

## RETURN

I received the above detailed warrant on **2-6-06**, 20 ____ and have executed it as On **2-6**, 20 **06**, at **1350** [ ] AM [x] PM. I searched the [ ] person [ ] premises [ ] vehicles [ ] object, described in the warrant and I left a copy of the warrant and **DEBORAH A. JONES** properly posted.
(Name of person searched or owner, occupant, custodian or person present at place of search)

The following is an inventory of the property taken pursuant to this warrant:

**SEE ATTACHMENT – 2 PAGES**

This inventory was made in the presence of **INVS. MARSH, ODOM, REGAN, EVANS, MILLER**

I swear that this is a true and detailed account of all property taken by me under this warrant.

_John Edward Marsh_
Executing Officer

Subscribed and sworn to before **15th** day **February**, 20 **06**

_Bruce D. Beaudin_
Judge, Superior Court of the District of Columbia

Form CD-1055 / Apr. 00

# AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

SEARCH WARRANT FOR 2302 MINNESOTA AVENUE SE, WASHINGTON, D.C., A BRICK ROW HOUSE WITH THE NUMBERS "2302" CLEARLY MARKED ABOVE ITS FRONT ENTRY DOOR, AND ANY OUTBUILDINGS WITHIN THE CURTILAGE OF THE PROPERTY.

Your affiant is John Edward Marsh, a criminal investigator, assigned to the United States Attorney's Office. Your affiant has approximately eighteen years law enforcement experience including sixteen years service with the United States Park Police reaching the rank of Detective Sergeant. Your affiant has participated in over 2000 arrests and has been involved in numerous investigations of violent crimes and narcotics trafficking. Your affiant has also received training in, and has investigated computer-based crimes and commercial sex trafficking.

Your affiant received a case request to assist in the investigation of Michael Cristwell, AKA "Bear", DC PDID #484-618. Members of the United States Attorney's Office Criminal Investigative Unit (CIU) arrested Cristwell on January 2, 2006, pursuant to a Superior Court of the District of Columbia arrest warrant issued on January 1, 2006, charging him with Pandering in violation of 22 D.C. Code 2705. This arrest warrant is included as Attachment 1 to this affidavit and is incorporated by reference herein.

At the time of Cristwell's arrest, Cristwell was walking out of his 2302 Minnesota Avenue SE, residence to walk a dog. Investigators took Cristwell and the dog back to the residence and were met by a female subject. This subject stated she had been living with Cristwell since October, 2005. Cristwell told the female to go upstairs to get his cellular telephone and the woman reappeared at the top of the steps with a silver phone. Cristwell said he did not want that phone but to get a different one and she appeared with a black Motorola phone.

The female subject did not believe she would be able to stay in the residence after the defendant's arrest and asked your affiant to escort her to the defendant's room where she kept some of her clothing in order to retrieve her property. Your affiant observed a Sprint cell phone box on a shelf and several items of clothing. The female subject then told your affiant that the defendant had thrown away her clothes. During a subsequent interview of the female subject, now identified as W1, your affiant learned that the defendant beat her and threw her clothes out onto the rear roof of the house. W1 also stated the defendant had a camera phone and that he had taken pictures of her engaged in sex acts.

Your affiant learned through W1 and a separate witness, who have both worked as prostitutes for Cristwell, that Cristwell used the cell phones for advancing the purposes of his prostitution business. Cristwell communicated with both women while they

worked as prostitutes in hotels near the Washington, D.C., New York Avenue prostitution "track." The defendant gave each of the women cellular telephones to use. The witnesses believed the phones may have also been left in the defendant's residence.

Your affiant interviewed the defendant's mother and learned that he has lived with her since his release from incarceration for an armed robbery conviction in May, 2005. His mother stated the defendant kept items of property in various places in the house and was not sure where W1's clothing may have been placed.

Your affiant has learned through training and experience that pimps in the prostitution business often use cellular phones as a means of keeping track of the women working for them. Pimps also purchase clothes out of money earned by their prostitutes for themselves and other clothing for their prostitutes to appear more attractive to potential clients. Pimps will also keep items of evidence of their trade including pictures, documentation of telephone numbers and other business records, condoms and other instruments related to prostitution. Pimps also use computer electronic devices including PDAs to store information and pictures.

Based on the foregoing facts and information, there is probable cause to believe that 2302 Minnesota Avenue SE, contains evidence of Pandering in violation of 22 D.C. Code 2705. Your affiant respectfully requests that a D.C. Superior Court Search Warrant be issued for the residence for the seizure of the items listed in Attachment A.

## ATTACHMENT A

### ITEMS TO BE SEIZED

1. Items to Be Seized

Cellular telephones, including the recorded information and photographs stored within them; files, records, photographs or any other memorialization of the defendant's pandering. Clothing, condoms, sex toys, and any other instruments of commercial sex trade.

Files, records, photographs or any other digital media relating to the defendant's pandering. These may be secreted in computer software consisting of digital information which can be interpreted by a computer and any of its related components to direct the way they work. Software is stored in electronic, magnetic, optical, or other digital form. It commonly included programs to run operating systems, applications (like word-processing, graphics, or spreadsheet programs), utilities, compilers, interpreters, and communications programs. Any files, photographs or other records created by these programs to include cookies and other computer generated records of internet access. Computer-related documentation consisting of written,

recorded, printed, or electronically stored material, which explains or illustrates how to configure or use the computer hardware, software, or other related items.

Computer passwords and other data security devices that are designated to restrict access to or hide computer software, documentation, or data. Data security devices may consist of hardware, software, or other programming code. A password usually operates as a sort of digital key to "unlock" particular data security devices. Data security hardware may include encryption devices, chips, and circuit boards. Data security software or digital codes may include programming code that creates "test" keys or "hot" keys, which perform user-defined security- related functions when activated. Data security software or code which might also encrypt, compress, hide or "booby-trap" protected data to make it inaccessible or unreadable as well as reverse the process to restore the data. Logs of electronic communications, disks of communications, hard copies of communications, audio cassette tapes of communications, calendars, appointment books, telephone number lists, incoming and outgoing facsimile messages, and any documentation, telephone records, bank account information or wire transfer information.

The terms "records," "documents," and "materials" include all of the foregoing items of evidence in whatever form and by whatever means such records, documents, or materials, their drafters, or their modifications may have been created or stored, including, but not limited to, any handmade form (such as writing, drawing, painting, with any implement on any surface, directly or indirectly); any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies); any mechanical form (such as tape recordings, cassettes, compact discs, or any information on an electronic or magnetic storage device, such as floppy diskettes, hard disks, zip disks, CD-ROMs, optical discs, printer buffers or any file or image stored in printers that may contain electronic information, smart cards, memory calculators, electronic dialers, Bernoulli drives, or electronic notebooks, as well as printouts or readouts from magnetic storage devices).

_____
Affiant, John Edward Marsh
Investigator, United States Attorney's Office

Subscribed and Sworn Before Me
_____*7th* *February*_____
This *8th* day of February, 2006.

_____
Judge, Superior Court, District of

Columbia

-3-

# Superior Court of the District of Columbia
## CRIMINAL DIVISION

### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

| | |
|---|---|
| USW NO.: | Case No.: |
| CCR: | PDID: 484618 |

**DEFENDANT'S NAME:** Cristwell, Michael (NMN)

| SEX: M | RACE: B | D.O.B.: 10-21-79 | HEIGHT: 509 | WEIGHT: 140 | EYES: Bro | HAIR: blk | COMPLEXION: |
|---|---|---|---|---|---|---|---|

**DEFENDANT'S HOME ADDRESS:** 3005 30th St, S.E., Washington, D.C.

TELEPHONE NUMBER:

**DEFENDANT'S BUSINESS ADDRESS:** N/A

TELEPHONE NUMBER:

**COMPLAINANT'S NAME:** A.J., a minor

**LOCATION OF OFFENSE:** 1600 block New York Ave., N.E.

**DATE OF OFFENSE:** On or about 1-20-06

**TIME OF OFFENSE:** 0001

### GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:

**REPORT:**
On January 20, 2006, W-1, C-1's father, reported to the Metropolitan Police Department that a few weeks earlier C-1 had run away from home. W-1 stated that C-1 was only 16 years old. W-1 reported that he had reported C-1 missing in the beginning of January 2006 and had been looking for C-1 ever since. During the late evening hours of January 20, 2006, W-1 received a call from a friend who indicated he had seen C-1 walking in the 1600 block of New York Ave., N.E., Washington, D.C. W-1 immediately drove to the area and saw his daughter, C-1, walking in the area of the 1600 block of New York Ave, N.E. W-1 stated his daughter was scantily clad. When W-1 approached his daughter to take her home, C-1 began to run. After W-1 caught her, he called the Metropolitan Police Department, which responded, conducted a brief investigation, and released C-1 to the custody of her family.

**INVESTIGATION:**
On January 23, 2006, Detective Timothy Palchak conducted an in-person interview with C-1. C-1 stated that during the last few weeks in December 2005 she met the defendant (hereafter D-1) who she knew only as "Mike" or "Bear." C-1 met D-1 through a 19-year-old female. The 19-year-old female approached C-1 at a convenience store on Minnesota Ave, S.E. and told C-1 that her "friend", D-1, wanted to speak to C-1. C-1 spoke to D-1 and initially thought D-1 was interested in being her boyfriend. C-1 told D-1 she was only 16 years old. C-1 and D-1 exchanged phone numbers and spoke with one another on a regular basis. D-1 also visited C-1 at her home and at her school. D-1 regularly told C-1 that if she wanted to leave her home she could stay with him.

**TO:** WARRANT CLERK

**PLEASE ISSUE A WARRANT FOR:** Michael Cristwell

**CHARGED WITH:** Pandering

ASSISTANT UNITED STATES ATTORNEY

NCIC approved

**AFFIANT'S SIGNATURE:** X /s/ John Edward Marsh

SUBSCRIBED AND SWORN TO BEFORE ME THIS 1ST DAY OF February, 2006

(JUDGE) (DEPUTY CLERK) SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

2-1546 wd-382

Automated Entry, MPD-70, 6/99

## Superior Court of the District of Columbia
### CRIMINAL DIVISION

### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

| USW NO.: | | Case No.: |
|---|---|---|
| CCR: | | PDID: 484618 |

**DEFENDANT'S NAME:** Cristwell, Michael (NMN)

| SEX: M | RACE: B | D.O.B.: 10-21-79 | HEIGHT: 509 | WEIGHT: 140 | EYES: bro | HAIR: blk | COMPLEXION: |
|---|---|---|---|---|---|---|---|

**TELEPHONE NUMBER:**

**DEFENDANT'S HOME ADDRESS:** 3005 30th St, S.E., Washington, D.C.

**TELEPHONE NUMBER:**

**DEFENDANT'S BUSINESS ADDRESS:** N/A

**COMPLAINANT'S NAME:** A.J., a minor

**LOCATION OF OFFENSE:** 1600 Block New York Avenue, NE

**DATE OF OFFENSE:** On or about 1-20-06

**TIME OF OFFENSE:** 0001

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

In early January 2006, C-1 decided to leave home. C-1 contacted D-1 and he picked her up from her high school. Within the next two days, D-1 made clear to C-1 that she would need to prostitute for him. Specifically, D-1, along with the 19-year-old female who assisted in introducing C-1 to D-1, told C-1 the rules of the game. D-1 told C-1 what streets she would need to work on in Washington, D.C. D-1 also told C-1 the prices she should charge for oral sex and sexual intercourse. D-1 told C-1 how she could identify other "pimps" and also how she could identify the police.

C-1 reported that during the first few weeks in January 2006, up until January 20, 2006, D-1 would tell her where to engage in acts of prostitution. C-1 stated that she worked from 12:00 a.m.-8:00 a.m. usually at least every other day. C-1 stated that on average she earned approximately $400/night for engaging in acts of prostitution. C-1 gave all of the money she earned to D-1. C-1 stated that on January 20, 2006, D-1 took C-1 to the 1600 block of New York Ave, N.E. for the express purpose of engaging in prostitution.

On February 1, 2006, your affiant, John Edward Marsh, spoke with C-1 and confirmed the foregoing facts regarding D-1's procurement of C-1 to engage in prostitution. Your affiant also learned that D-1 continues to call C-1 at the apartment where she currently resides. Your affiant showed C-1 a photo array containing a photograph of D-1 and C-1 pointed to the photograph in position 8 and stated "that's him" and indicated she was "100% sure." The individual in the photograph in position 8 is D-1, identified as Michael Cristwell, DOB 10-21-79, PDID 484-618.

**TO:** WARRANT CLERK

**PLEASE ISSUE A WARRANT FOR:** Michael Cristwell

**CHARGED WITH:** Pandering

_[signature]_
ASSISTANT UNITED STATES ATTORNEY

NCIC approved

**AFFIANT'S SIGNATURE:** X _John Edward Marsh_

**SUBSCRIBED AND SWORN TO BEFORE ME THIS** 1st **DAY OF** February, 2006

_[signature]_
(JUDGE) (DEPUTY CLERK) SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

2-1546 wd-382

Inventory List of S/Warrant @ 2300 Minn Ave SE
Date 2/6/06 1300 hrs Entry

Items Seized
1) Mis Pornographic Material
2) (1) Compaq Prosario Computer
3) Pornographic Material (Photo's, Videos, Albums)
4) (1) Photo Album w/ Various Materials
5) (1) Blk Lock Box w/ id and business cards
6) Personal Papers and Mail Matter
7) Address Book and Day Planner
8) Hotel Receipts
9) (1) Pr Green Shoes
10) (5) Men's Wrist Watches Various Brands
11) (1) Ladie's Blk Pump
12) Boost Mobile Cards
13) 1 Pr Ladies Blue Underwear
14) 1 Gold Colored Ring
15) Asst. Ladies Undergarments
16) Id
17) Pack of Drug Paraphernalia
18) (1) Multi Colored Improvised Weapon
19) 1 Titan2 .32 Revolver Gray w/ Blk Handle serial # unk
20) (4) .32 Rounds of Ammo
21) Selina Dickens Md Id / SS card
22) 1 Cobra Radio
23) —
24) 1 Mag Empty

pg. 2 of 2

25 - 1 MOTW CELL PHONE
26 - PHONE CHARGER (SANYO)
27 - VA DRIVER'S LICENSE ROGER W. MILLER
28 - 1 CANISTER OF ASST AMMO ROUNDS
29 - 1 BLK .40 CH. HI-POINT & 1 .40 CAL ROUND (FOUND IN BAG)
30 - 1 CONDOM
31 - 1 SPRINT PHONE
32 - 1 E MACHINE COMPUTER S/N CRX 5520006570
33 - 1 BAG OF ASST CLOTHES/SHOES/MAIL MATTER (BLK/RED/WHITE) INSIDE GARAGE INSIDE MR2
34 - 1 BAG OF ASST CLOTHES/BOOTS/SHOES
35 - 1 SILVER COMPUTER D12004916 (HDSN)
36 - \