**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | Criminal No. 06-118 (HHK) |
| | : | |
| **MICHAEL CRISTWELL,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing.

**I. BACKGROUND**

On October 11, 2006, the defendant, Michael Cristwell, pled guilty to a two-count felony superseding information charging him with Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable for a Term Exceeding One Year, in violation of title 18, United States Code, Section 922(g)(1) (Count One) and Pandering, in violation of 22 D.C. Code Section 2705 (Count Two). The first count relates to the defendant's constructive possession of a Titanic .32 caliber revolver, found in his bedroom closet during the execution of a search warrant. The second count relates to his pandering of a sixteen year old female during a ten-day period in January 2006.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed that a sentence of 57 months for Count One and 7 months for Count Two is the appropriate sentence. The parties also agreed that the sentences should be imposed concurrently.

**II. SENTENCING CALCULATION**

    A. <u>Statutory Maxima</u>

Pursuant to 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2), the charge of Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year carries a maximum penalty of ten years imprisonment, a fine of $250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a three-year term of supervised release, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Further, pursuant to 22 D.C. Code § 2705, the charge of Pandering carries a maximum penalty of five years imprisonment and a fine of $1,000.

    B. <u>Sentencing Guidelines Calculation</u>

The Pre-Sentence Report (hereinafter "PSR") calculates the offense level under the United States Sentencing Guidelines at 21. <u>See</u> PSR ¶ 28. This includes the base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2), a two-level decrease for Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1(a), and an additional one-level decrease for Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1(b). The defendant has a criminal history score of eight, placing him in Criminal History Category IV. <u>See</u> PSR ¶ 38. Under the United States Sentencing Guidelines, the applicable sentencing range for an offense level of 21 in Criminal History Category IV, is 57 to 71 months, within Zone D.

For the reasons set forth, infra § III of this Memorandum, the government respectfully requests that Court accept the recommendation of the parties, as embodied in the plea agreement, that the defendant receive a sentence of 57 months on Count One and 7 months on Count Two, to be imposed concurrently. In addition, the government requests that the Court impose the

maximum term of supervised release.

### III. GOVERNMENT'S SENTENCING RECOMMENDATION

In determining the appropriate sentence, the Court "shall consider....the need for the sentence imposed ....to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). The Court must also consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(D).

In this case, the government respectfully requests that the Court accept the parties' recommendation that the defendant receive a sentence of 57 months on Count One and 7 months on Count Two, to run concurrently. The government notes that a sentence of 57 months on Count One is within the applicable guidelines range for the offense of Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable for a Term Exceeding One Year. Further, a sentence of 7 months is within the D.C. Superior Court Voluntary Sentencing Guidelines' range for the offense of Pandering. The Court may accept a plea agreement pursuant to Rule 11(c)(1)(C), if the court is satisfied that "the agreed sentence is within the applicable guidelines range." See U.S.S.G. § 6B1.2 (c)(2).

A guidelines sentence is presumptively reasonable. First, although application of United States Sentencing Guidelines is no longer mandatory, in Booker, the United States Supreme Court made clear that, in determining the appropriate sentence for a defendant, federal courts should calculate and consider the applicable guidelines range, refer to the pertinent Sentencing Commission policy statements, and bear in mind the need to avoid unwarranted sentencing disparities. 220 U.S. at 258-60. Booker mandates that "[t]he district courts, while not bound to

apply the Guidelines, must consult those Guidelines and take them into account when sentencing." 220 U.S. at 265 (citing 18 U.S.C.A. §§ 3553(a)(4)&(5) (Supp. 2004)). The sentence is then subject to review by courts of appeals for "reasonableness." Booker, 220 U.S. at 261.

A sentence of 57 months on Count One and a sentence of 7 months on Count Two to be imposed concurrently, is reasonable in this case. The defendant has demonstrated acceptance of responsibility for his actions, by truthfully admitting his involvement in the charged offenses. In addition, by expressing an early intent to plead guilty, the defendant has assisted the authorities in the investigation and prosecution of his own misconduct, thus permitting the government to avoid preparing for trial and permitting the efficient allocation of prosecution and investigation resources. See U.S.S.G. § 3E1.1(b).

Further, it is reasonable for the Court to impose a concurrent sentence of 7 months for Count Two (Pandering), a D.C. Code offense. It is within the Court's discretion to impose a sentence for a D.C. Code Offense that runs concurrent to a federal Guidelines sentence. United States v. Cutchin, 956 F.2d 1216 (1992).

V.     **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court accept the parties' plea agreement pursuant to Rule 11(c)(1)(C), that the defendant receive a sentence of 57 months on Count One and 7 months on Count Two, to be imposed concurrently. In addition, the government requests that the Court impose the maximum period of supervised release.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____
Kim A. Herd, D.C. Bar No. 461615
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530

**CERTIFICATE OF SERVICE**

I HEREBY certify that a copy of the foregoing Motion was served via electronic filing on Kenneth D. Auerbach, Esq., Attorney for Michael Cristwell, 8720 Georgia Avenue, Suite 704, Silver Spring, Maryland 20910, this 6th day of December, 2006.

_____
KIM A. HERD
Assistant United States Attorney