Copies to: Judge
AUSA - Special Proceedings
Dft.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael Cristwell,
        Defendant

v.

UNITED STATES of AMERICA,
        Respondant

Case No.: 06-118HHK

FILED
AUG 21 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MEMORANDUM AND MOTION
Regarding Lack of Subject Matter Jurisdiction

Leave to file GRANTED
/s/ Henry H. Kennedy, Jr.
United States District Judge
8/21/08

COMES NOW, Defendant Michael Cristwell, Jr., pro se and in proper Motion challenging the jurisdiction of the above-named Court over the subject matter in the above-referenced case for reasons explained in the following Memorandum.

MEMORANDUM

Subject matter jurisdiction cannot be conferred by waiver or consent and may be raised at any time. Rodrigues v. State, 441 SO.2d 1129 (Fla. App. 1983). An indictment or complaint in a criminal case is the main means by which a court obtains subject matter jurisdiction, and is the "jurisdictional instrument upon which the accused stands trial." Without a valid complaint, any judgment or sentence rendered is void ab initio. Without a valid law, there is no issue or controversy for a court to decide upon.

Secondly, Defendant contends that the charge for a firearm under 18 U.S.C. 922(g)(1) is also to be vacated, reason being that the Defendant pled guilty due to the United States placing the charge of Pandering inside the indictment. "Misinformation given to defendant made his plea involuntary." United States v. Brown, 117 F.3d 471 (8) (11th Cir. 1997). Also, a charge that is placed in an indictment that does not exist makes the entire indictment void ab initio, on its face. The firearm came from a search that was from a Superior Court investigation in which the firearm was not listed as an item that was being searched for in the search warrant. "Search warrant authorized broader search than reasonable." United States v. Ford, 184 F.3d 566 (3) (5) (6th Cir. 1999). Therefore, due to the United States Constitution Amendment IV, the firearm was never supposed to have been used as there was no serach warrant to secure a firearm.[1]

Moreover, the search warrant did not come from a Federal court or carried out by a Federal officer. "Inevitable discovery doctrine did not save illegal search of house." United States v. Madrid, 152 F.3d 1034 (2) (8th Cir. 1998)

---

Footnote 1. United States Constitution Amendment IV:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

## CERTIFICATE OF SERVICE

I, Michael Cristwell, do hereby swear and affirm that a true and complete copy of the foregoing motion was hand delivered to the mail room officer in the "Records Office" of Petersburg Medium Correctional Complex in the Incorporated City of Hopewell, Virginia, in a pre-addressed, postage prepaid, first class envelope addressed to the following:

    United States District Court for the
        District of Columbia
    Clerk of Court
    333 Constitution Avenue N.W.
    Washington, D.C.  20001

    Kim A. Herd
    Executive Office for the United States Attorneys
    600 E. Street N.W., Room 7600
    Washington, D.C.  20530

Signed, this _14_ day of _August_, 2008            _[signature]_
                                                               Michael Cristwell,
                                                               pro-se



Michael Cristwell,
28633-016
Federal Correctional Complex - Medium
P. O. Box 90043
Petersburg, VA 23804

Received
Mail Room
AUG 18 2008
Nancy Mayer Whittington, Clerk
US District Court, District of Columbia

Clerk of Court
United States District Court for the
District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001-2802